**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASMINE RAE VALDEZ, a/k/a Jasmine
Rae Rains,

    Defendant - Appellant.

No. 25-7045
(D.C. No. 6:24-CR-00050-JFH-2)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Jasmine Rae Valdez pled guilty to assault with a dangerous weapon in Indian

country and assault resulting in serious bodily injury in Indian country.  *See*

18 U.S.C. §§ 113(a)(3) & (6), 1151, 1152, 2.  She appeals the district court's denial

of a mitigating-role adjustment under United States Sentencing Guidelines Section

3B1.2.  Exercising jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291,

we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Ms. Valdez,[1] her brother G.W.,[2] and Brenden Rains went to confront D.C., the victim, at his residence.  H.M., D.C.'s girlfriend, answered the door.  Words were exchanged.  When H.M. attempted to close the door, Ms. Valdez blocked it with her foot.  A scuffle ensued between Ms. Valdez and H.M. inside the home.  As they struggled, Mr. Rains and G.W. went into D.C.'s bedroom where he was sleeping and attacked him, punching him and striking him with a wooden club.

The government charged Ms. Valdez with two counts of assault for the attack on D.C.  *See* 18 U.S.C. §§ 113(a)(3) & (6), 1151, 1152.  Because Ms. Valdez did not strike D.C., the government pursued an accomplice theory of liability.  *See* 18 U.S.C. § 2.  Ms. Valdez pled guilty to both counts without a plea agreement.

The presentence investigation report calculated a total offense level of 20 with a sentencing guidelines range of 33 to 41 months.  Ms. Valdez objected, arguing her lesser culpability warranted a mitigating-role adjustment because "she was not an active participant in the assault on the victim, D.C."  R. vol. I at 76; *see* U.S. Sent'g Guidelines Manual § 3B1.2 (U.S. Sent'g Comm'n 2024).

---

[1] Ms. Valdez has since married Mr. Rains and taken his name.  We refer to Ms. Valdez by her given name, consistent with her opening brief.  *See* Aplt. Opening Br. at 1 n.2.

[2] We refer to juveniles by their initials, "in keeping with our policy of protecting minor children from public disclosure."  *Cortez v. Bondi*, 150 F.4th 1320, 1321 n.1 (10th Cir. 2025).

At the sentencing hearing, the district court rejected Ms. Valdez's argument. The court acknowledged she played a "different role" than Mr. Rains but not so different to warrant a reduction. R. vol. III at 86. As the court explained, mitigating adjustments are typically appropriate where someone "operate[s] on the periphery of [the criminal activity] without perhaps involvement or knowledge of the larger scope of things," which was not the case here. *Id.*

Later in the proceeding, the court elaborated on its conclusion. Because the charges related solely to the assault on D.C., and since Ms. Valdez did not physically attack him, the court situated her conduct along a "continuum of involvement." *Id.* at 95. At one end of that continuum, the court offered two hypotheticals where a mitigating-role adjustment "may have been more colorable": an unwitting driver who stayed in the car "having no idea" what her passengers intended, or an innocent bystander who "was just there" when a fight broke out. *Id.* But those facts, the court concluded, were clearly not present in this case. Ms. Valdez was no unwitting bystander; she knew "some altercation was envisioned" and "engaged in her own fight" while Mr. Rains and G.W. beat D.C. in the bedroom. *Id.* The court held any difference between Ms. Valdez's role and the part played by others should be reflected in "the comparative severity of [the] sentences." *Id.* at 86–87. Accordingly, the court sentenced Ms. Valdez to 33 months imprisonment—slightly over half of Mr. Rains's 60-month sentence—to reflect her "comparative responsibility" in the assault. *Id.* at 96. This appeal followed.

3

II

Ms. Valdez argues the district court applied the wrong legal standard in denying her a mitigating-role reduction. Because she did not raise this argument at the district court, we review for plain error. *See United States v. Berryhill*, 140 F.4th 1287, 1293 (10th Cir. 2025). To prevail, Ms. Valdez must show (1) an error, (2) that is plain, (3) that affected her substantial rights, and (4) that seriously affected the fairness, integrity, or reputation of judicial proceedings. *See id*. Failure to satisfy any of the four prongs defeats a plain-error challenge. *United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008).

Section 3B1.2 of the sentencing guidelines permits a decreased offense level "[b]ased on the defendant's role in the offense." USSG § 3B1.2. Whether a defendant's role warrants adjustment "is based on the totality of the circumstances," including "the degree to which the defendant understood the scope and structure of the criminal activity" and "the nature and extent of the defendant's participation in the commission of the criminal activity." USSG § 3B1.2 cmt. n.3(C)(i), (iii). The reduction is available if the court concludes a defendant is "substantially less culpable than the *average participant in the criminal activity*." *Id.* cmt. n.3(A) (emphasis added).

Ms. Valdez contends the district court failed to compare her culpability to that of the other participants in the assault, contrary to the comparative framework contemplated in the guidelines. The court's hypotheticals of an unwitting driver and innocent bystander, she argues, described non-culpable actors. In her view, this set

4

an eligibility threshold for mitigating-role adjustments incompatible with § 3B1.2, requiring the absence of liability rather than measuring her culpability against Mr. Rains and G.W.  We see no such error.

The court's hypotheticals, read in context, did not establish non-culpability as the legal floor for a mitigating-role adjustment.  To the contrary, the court's analysis turned on a comparison of Ms. Valdez's role, as reflected in her knowledge and conduct, to that of the other participants in the assault.  When the court denied the adjustment, it drew a distinction between those "involved in the main thrust of the criminal activity" and those operating on "the periphery" without knowledge of its larger scope.  R. vol. III at 86.  Indeed, the court repeatedly referred to Ms. Valdez's role in comparative terms as "different" from G.W. and Mr. Rains, not from that of an innocent party.  *Id*

The hypotheticals appear to address Ms. Valdez's argument that not striking D.C. entitled her to a reduction.  Although the court acknowledged she "was not directly involved in imposing serious bodily injury on D.C.," that fact did not end the inquiry.  *Id*. at 95; *see United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991) ("[B]eing comparatively less culpable than the other defendants and obtaining minimal participant status are not necessarily synonymous.").  Instead, the court placed her role in the offense along a "continuum of involvement," using the hypotheticals to demonstrate that her role did not fall at one extreme—that of a truly peripheral actor.  R. vol. III at 95.  Nor, the court observed, was Ms. Valdez at the other extreme because "she herself was [not] engaged in the altercation."  *Id.*  The

5

court thus situated her conduct along the continuum based on her knowledge and participation: she knew an altercation was planned, she entered the home, and she engaged in a confrontation with H.M. These are the very factors § 3B1.2 directs courts to consider. *See* USSG § 3B1.2 cmt. n.3(C). On that basis, it denied the adjustment.

The hypotheticals served to illustrate the continuum, not create a threshold for a reduction. Still, the court's hypotheticals appear to extend beyond the mitigating-role inquiry by depicting actors who seem to lack culpability altogether. But illustrative imprecision does not establish legal error where, as here, the court applied the correct comparative standard. This case is distinguishable from *United States v. Yurek*, 925 F.3d 423 (10th Cir. 2019), relied on by Ms. Valdez. *Yurek* involved a complete failure to measure the defendant's culpability against other participants. *Id.* at 446. There, the court treated a single factor as dispositive rather than weighing comparative culpability. *Id.* Here, the court clearly considered relative culpability. It determined Ms. Valdez's role was different from that of Mr. Rains, but not so substantially different as to warrant a reduction.

III

We conclude Ms. Valdez has not satisfied the first prong of plain-error review—that error occurred. Her challenge therefore fails, and we need not address the remaining three prongs. *See United States v. Wireman*, 849 F.3d 956, 966

6

(10th Cir. 2017).  Accordingly, we affirm.  We deny the motion to expedite oral argument (Dkt. No. 29) as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
